DLD-041                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3193
_____

ASIA NICOLE BROWN,
                            Appellant

v.

HAMILTON TOWNSHIP POLICE DEPT MERCER COUNTY, NEW JERSEY;
RALPH FRASCO, JR.; DAVID DELEON; SGT MICHAEL EVERETT;
J FARLETTO; OFFICER ANAJA; EDWARD LUGO
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 13-cv-00260)
District Judge:  Honorable Michael A. Shipp
_____

Submitted for Possible Dismissal Due to a Jurisdictional Defect
or for Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 15, 2013
Before:  SMITH, HARDIMAN and VAN ANTWERPEN, Circuit Judges

(Opinion filed: December 4, 2013)
_____

OPINION
_____

PER CURIAM

    Appellant Asia Nicole Brown filed a complaint pursuant to 42 U.S.C. § 1983, alleging

that her civil rights had been violated in the course of her arrest and detention for shoplifting.

The District Court sua sponte dismissed the complaint for failure to state a claim pursuant to 28

U.S.C. § 1915(e)(2)(B)(ii), and Brown appealed. For the reasons that follow, we will summarily affirm the judgment of the District Court.

We have jurisdiction pursuant to 28 U.S.C. § 1291.[1] In conducting our review, we must liberally construe Brown's pro se filings, see Higgs v. Att'y Gen., 655 F.3d 333, 339 (3d Cir. 2011), and "accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom," Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999) (citation omitted).

In her complaint, Brown alleged that shortly after her arrest, she requested, and received, two sanitary napkins. Three hours later, her repeated requests for additional feminine products were denied by the defendants. When Brown complained, Officer Deleon allegedly used a racial slur in response. Brown asserts that she reported Deleon's behavior to his supervisor, defendant Everett, but that Everett and several other defendants merely mocked her as a result.

The District Court properly dismissed the complaint because Brown failed to state a claim for relief that is plausible on its face. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). As the District Court noted, allegations of verbal abuse or threats, absent any injury or damage, are not cognizable under § 1983. See McBride v. Deer, 240 F.3d 1287, 1291 n.3 (10th Cir. 2001); Freeman v. Arpaio, 125 F.3d 732, 738 (9th Cir. 1997) (verbal abuse directed at religious

---

[1] The District Court instructed Brown that she could move to reopen her case within 30 days by filing an amended complaint addressing the deficiencies. Brown filed a notice of appeal prior to the expiration of the 30-day period, and as such, can be said to have elected to stand on her complaint. See Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 n.5 (3d Cir. 1992). Accordingly, we possess appellate jurisdiction. See, e.g., Lucas v. Twp. of Bethel, 319 F.3d 595, 600 (3d Cir. 2003) (holding that an "order [was] final and appealable because plaintiffs have elected to stand on their complaint.").

and ethnic background does not state a cognizable constitutional violation). Brown failed to allege any actual injury stemming from defendants' conduct. Furthermore, when a pretrial detainee, such as Brown, challenges her conditions of confinement, "we must consider whether there has been a violation of the Due Process Clause of the Fourteenth Amendment." Hubbard v. Taylor, 538 F.3d 229, 231 (3d Cir. 2005). In doing so, we must inquire "whether those conditions amount to punishment of the detainee." Bell v. Wolfish, 441 U.S. 520, 535 (1979). While defendants' failure to provide needed sanitary napkins for a few hours may have resulted in discomfort, it was de minimis, and certainly not sufficiently serious to implicate Brown's constitutional rights. Cf. id. at 542 (noting that "genuine privations and hardship over an extended period of time might raise serious questions under the Due Process Clause").

Based on the foregoing, we conclude this appeal presents no substantial question and, therefore, will summarily affirm. See 3d Cir. LAR 27.4 and I.O.P. 10.6.